EASLEY v. AMERICAN STATE BANK of ROSEDALE et al.

No. 12232—Opinion Filed Feb. 12, 1924.

Rehearing Denied May 13, 1924.

**Appeal and Error—Affirmance—Failure of Evidence.**

A cause will not be reversed because the trial court sustained a demurrer to the evidence, when there is no evidence reasonably tending to support the defendant's case, and where it is entirely apparent that justice has been done by the ruling.

· (Syllabus by Maxey, C.) ·

Commissioners' Opinion, Division No. 1.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by Ellen Bruner and the American State Bank of Rosedale et al. against W. M. Easley et al. Judgment for plaintiffs, and defendant Easley appeals. Affirmed.

C. T. Rice, for plaintiff in error.

C. G. Moore, for defendants in error.

Opinion by MAXEY, C. This action was instituted in the district court of McClain county by Ellen Bruner, owner of the south ½ of the southwest quarter of the southwest quarter of section 18, township 5 north, range 2 east, against A Lyles and W. M. Easley to cancel deeds and mortgages in the office of the register of deeds of McClain county affecting her title to the above named tract of land, which she alleged was her allotment as a Chickasaw freedman, alleging that the deed purported to have been executed by her to A. Lyles was a forgery, and that the deed from Lyles and wife to Easley was a cloud upon her title, and also alleging that Easley had executed a mortgage to the American State Bank of Rosedale, which mortgage had been placed on record in the office of the register of deeds of said McClain county. The defendant American State Bank of Rosedale answered and filed a cross-petition, and among other things prayed that if the deed from Bruner to Lyles was a forgery and the title of Easley failed· that it have judgment against

Easley on the note he gave and attempted to secure by mortgage on the premises above described. On a trial of the case before the court and jury, after the close of the testimony, the court directed a verdict for plaintiff, Bruner, finding that the alleged deed from her to Lyles was a forgery and also directed that they find for the American State Bank of Rosedale for the amount of the note given by Easley to said bank at the time he executed the mortgage. A verdict was so returned and the court entered judgment canceling the purported deed from Bruner to Lyles, and the deed from Lyles to Easley, and the mortgage from Easley and wife to the bank, and also entered judgment against Easley in favor of the American State Bank of Rosedale for $379.50, being the amount due on the note given by Easley and wife to the bank. From these judgments canceling the deed and mortgage, and the rendering of the judgment against Easley, the defendant Easley has appealed to this court. We cannot understand from the record in this case that there is anything for this court to pass on. The case seems to have been carefully tried and the court has found that the deed purported to be executed by Ellen Bruner to A. Lyle, is a forgery, and of course the deed from Lyles to Easley conveyed no title, and the mortgage executed by Easley and wife to the defendant bank was void, and the order of the court canceling the purported deed from Ellen Bruner to Lyles, and the deed from Lyles to Easley, and the mortgage from Easley to the bank was right. The court heard the testimony, and we think its order directing a verdict for the plaintiff, Bruner, canceling the said deed and the mortgage is amply supported by the testimony. The judgment against Easley in favor of the bank was certainly right. He had given his promissory note to the bank and received the full consideration of the note, and it was certainly right that the bank should recover judgment against Easley for the amount of the note. We are unable to find any reversible error in the judgment of the trial court, and therefore recommend that the judgment of the trial court be, in all things, affirmed.

By the Court: It is so ordered.